UNITED STATES DISTRICT COURTv

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NILE LEATHAM, et al., | Case No.2:23-CV-1432 JCM (DJA) |
| Plaintiff(s), | |
| v. | ORDER |
| SAFECO INSURANCE COMPANY OF AMERICA, et al., | |
| Defendant(s). | |

Presently before the court is defendants Safeco Insurance Company of America and Safeco Insurance Company of Illinois (collectively "defendants")'s motion for summary judgment. (ECF No. 29). Plaintiffs Nile Leatham and The Estate of Marie Leatham-Davis (collectively "plaintiffs") filed a response (ECF No. 36), to which defendants replied (ECF No. 40).

**I.  Background**

The case before the court arises from an insurance dispute stemming from an automobile accident that occurred on August 20, 2021. (ECF No. 1-1). In that accident, Marie Leatham-Davis (Marie's estate appearing as a plaintiff here) was driving with her father, plaintiff Nile Leatham, when they were struck by a speeding vehicle that fatally injured Marie and severely injured Nile. (*Id.*). Plaintiffs were insured by defendants. (*Id.*).

In the aftermath of the accident, several insurance claims were made against the Estate of Marie Leatham-Davis under defendants' insurance policy. (*See* ECF No. 29) The claims included a claim from plaintiff Niles against his daughter's estate. (*Id.*) Eventually, defendants settled all claims within the insurance policy limits, including plaintiff Niles's $500,000 settlement. (ECF No. 29-10; ECF No. 29-11; ECF No. 29-13).

Plaintiffs now assert defendants' conduct during the handling of the claims constitutes a breach of contract, was done in bad faith, and was in violation of Nevada insurance law.[1] (ECF No. 1-1). Plaintiffs allege that defendants did not disclose all the policy limit information to them, including an umbrella policy that expanded their coverage, the payment of certain funds remaining after medical bills had been paid, and a "death benefit." (ECF No. 36). However, once plaintiffs sued, defendants conceded plaintiffs are entitled to the funds remaining and the "death benefit" and have repeatedly offered to pay. (ECF No. 26). Thereafter, defendants filed a motion for summary judgment in which they argue that plaintiffs failed to comply with Federal Rule of Civil Procedure Rule 26's damage computation disclosure requirement. (ECF No. 26). The court will address that issue below.

## II.  Legal Standard

Rule 26(a)(1)(A) requires a plaintiff to make certain initial disclosures to a defendant "without awaiting a discovery request." One of these required disclosures is "a computation of each category of damages claimed by the disclosing party–who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii).

"The word 'computation' contemplates some analysis beyond merely setting forth a lump sum amount for a claimed element of damages." *Allstate Ins. Co. v. Nassiri*, No. 2:08-CV-00369-JCM-GWF, 2011 WL 2977127, at *4 (D. Nev. July 21, 2011); *see also Olaya v. Wal-Mart Stores, Inc.*, No. 2:11-CV-997-KJD-CWH, 2012 WL 3262875, at *2 (D. Nev. Aug. 7, 2012) (stating that a "list of the broad types of damages" is insufficient). Additionally, the party seeking damages must "timely disclose its theory of damages" as well as the "basic method or formula by which it contends its damages should or will be calculated even if it cannot identify the specific dollar amount of damages pending further discovery." *Allstate Ins. Co.*, 2011 WL 2977127, at *4. Unless a different time is set by stipulation or court order, initial disclosures must be made within 14 days of the parties' Rule 26(f) conference. Fed. R. Civ. P. 26(a)(1)(C).

---

[1] Specifically, NRS 686A.310 (b), (c), (d), (l), and (n).

Rule 26(e)(1) requires a party who has made a disclosure under Rule 26(a) to "supplement or correct its disclosure or response ... in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Rule 26(e)(1) "creates a 'duty to supplement,' not a right." *Luke v. Family Care & Urgent Med. Clinics*, 323 Fed.Appx. 496, 500 (9th Cir. 2009). Thus, the Rule does not "create a 'loophole'" for a party who wishes to revise its disclosures to its "advantage after the court's deadline for doing so has passed." *Id.*

The Ninth Circuit has held that Rule 37(c)(1) "gives teeth to [the disclosure requirements of Rule 26] by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Torres v. City of Los Angeles,* 548 F.3d 1197, 1212–13 (9th Cir. 2008) (*citing Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001)).

If full compliance with Rule 26(a) is not made, Rule 37(c)(1) mandates some sanction, "the degree and severity of which are within the discretion of the trial judge." *Keener v. United States,* 181 F.R.D. 639, 641 (D.Mont.1998). The sanctions available under Rule 37(c) include those enumerated in Rule 37(b)(2)(A)(i)–(vi). Among the available sanctions is dismissal of the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v). The Ninth Circuit reviews a district court's decision to sanction for a violation of the discovery rules for abuse of discretion which gives "particularly wide latitude to a district court's discretion to issue sanctions under Rule 37(c)(1)." *Yeti by Molly,* 259 F.3d at 1106

If a party fails to comply with Rule 26, Rule 37's sanctions may be imposed unless the party can show that the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). Courts consider the following factors when determining whether to dismiss under Rule 37(c)(1):
> 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; 5) the availability of less drastic sanctions

*Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997) (citing *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a ... dismissal sanction. Thus the key factors are prejudice and

1  the availability of lesser sanctions." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993).

2  The court must also consider whether the failure to disclose was the result of willfulness, fault, or bad faith. *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1245 (9th Cir. 2012). Willfulness, fault, or bad faith may be shown by "disobedient conduct not shown to be outside the control of the litigant." *Henry*, 983 F.2d at 948. In evaluating willfulness, fault, or bad faith, the court may consider the entire scope of a party's conduct. *Id.* at 947-49.

**III.   Discussion**

Here, plaintiffs failed to comply with Rule 26(a)(1)(A)(iii)'s initial disclosure requirement. Plaintiffs' initial disclosure provided damage computations for the "underlying medical damages related to August 20, 2021 accident." (ECF No. 29-26 at 6–7). However, plaintiffs have not alleged that defendants' conduct caused the personal injuries stemming from the accident, as those have been settled. (*See* ECF No. 26-10; ECF No. 26-11; ECF No. 26-12). Therefore, the damages of the underlying accident are irrelevant to the parties' dispute before the court.

Instead, plaintiffs' causes of action are breach of contract, breach of the implied covenant of good faith and fair dealing, statutory violations of state law regarding insurance claims, and declaratory judgment regarding the duties and obligations of the parties. (ECF No. 1-1). Plaintiffs' only mention of damages relating to their causes of action in their initial disclosure are the following: "Contract damages – tbd" and "Extra contractual damages – tbd." (ECF No. 29-26 at 6–7). From the time plaintiffs initially filed suit to this day, they have failed to provide relevant damage calculations relating to the allegations brought in their complaint.

Plaintiffs argue their disclosure was sufficient because they provided defendants with the relevant materials to substantiate their request for medical payments coverage and the death benefit. Plaintiffs also contend that the computation of damages for the underlying accident are valid for damage figures because they are relevant to this court's understanding of how the money owed under the insurance policy is to be dispersed as required by defendant under the insurance policy.

However, plaintiffs cannot "cannot shift to the defendant the burden of attempting to determine the amount of the plaintiff's alleged damages." *Jackson v. United Artists Theatre*

- 4 -

*Circuit, Inc.*, 278 F.R.D. 586, 593–94 (D. Nev. 2011). "The Defendants are not required to compute damages, Rule 26 requires plaintiffs to do so." *Villagomes v. Lab. Corp. of Am.*, 783 F. Supp. 2d 1121, 1129 (D. Nev. 2011); *see also Jackson*, 278 F.R.D. at 593–94 ("Rule 26(a)(1)(A)(iii) specifically requires the plaintiff to provide a computation of each category of damages and make the documents on which each computation is based available for inspection and copying."); *Allstate Ins. Co.*, 2011 WL 2977127, at *4 ("The plaintiff cannot shift to defendant the burden of attempting to determine the amount of the claimed damages from documents that are produced without any explanation of plaintiff's claimed damages."). Therefore, plaintiffs failed to abide by Rule 26's disclosure requirements.

After determining that plaintiffs are not in compliance with Rule 26, the court must analyze the two key factors from *Wendt* to determine whether dismissal under Rule 37 is appropriate. 125 F.3d at 814. First, the court must determine the risk of prejudice to the defendant. While defendants were not made aware of the damages sought by plaintiffs through the Rule 26 disclosure, defendants are aware of the damages sought by plaintiffs as evidenced by defendants' admission that plaintiffs are entitled to additional compensation pursuant to the insurance policy. This factor weighs against dismissal.

Next, the court must look to the availability of lesser sanctions. Because the main issue is whether defendants must pay plaintiffs additional money under the insurance policy, and defendants have conceded that point, there is no other sanction that would adequately resolve the inherent issue in this case. Accordingly, the court finds that no lesser sanction would be appropriate given the disposition of the parties after years of litigation.

Lastly, the court must determine whether the failure to disclose was the result of willfulness, fault, or bad faith. *R & R Sails*, 673 F.3d at 1245. Plaintiffs have failed to provide damage computations for years. The initial disclosure did not provide adequate computation of damages and discovery has closed with no supplementation to clarify the issue. Nothing in the record suggests that plaintiffs' failure to disclose or supplement their damage calculation comes from factors outside of their control. Instead, plaintiffs have sat on their hands and failed to provide

defendants and this court with critical information required to adjudicate the alleged misconduct.[2] Therefore, the failure of the disclosure is the fault of plaintiffs, and Rule 37 dismissal is proper.

Plaintiffs are entitled to recover the money owed to them under the insurance policy that defendants have repeatedly tried to disburse. Given defendants' correct determination that plaintiffs are entitled to the remaining funds under the insurance policy, there appears to be no reason the court's presence is required. This is especially true given the failures of plaintiffs to provide information on damage calculations. Accordingly, after finding plaintiffs did not comply with Rule 26, the factors from *Wendt* support Rule 37 dismissal, and plaintiffs were at fault in their failure to comply with Rule 26, the court, at its discretion, is dismissing the action in whole pursuant to Rule 37(b)(2)(A)(v).

**IV.    Conclusion**

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' suit is dismissed with prejudice.

IT IS FURTHER ORDERED that defendant's motion for summary judgment (ECF No. 29) be, and the same hereby is, DENIED as moot.

DATED September 9, 2025.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Because plaintiffs have failed to provide damage calculations pursuant to Rule 26, it is unclear whether this court can even exercise subject matter jurisdiction over this case. *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938) (stating claims regarding the amount in controversy must be made in good faith to satisfy diversity jurisdiction requirements). Nevertheless, since the issue has not been raised by the parties and this order will conclude litigation, the court will not scrutinize the amount in controversy any further.