UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NILE LEATHAM and the ESTATE OF MARIE LEATHAM-DAVIS<br><br>Plaintiff(s),<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, et al.,<br><br>Defendant(s). | Case No. 2:23-CV-1432 JCM (DJA)<br><br>ORDER |

Presently before the court is defendant Safeco Insurance Company of America's motion for attorney's fees. (ECF No. 43). Plaintiffs Nile Leatham ("Nile") and The Estate of Marie Leatham-Davis ("the estate") (collectively "plaintiffs") filed a response (ECF No. 48), to which defendant replied (ECF No. 50).

**I.     Background**

This dispute arises from an automobile accident and the subsequent interaction between the insured and insurer. (*See* ECF No. 1). On September 9, 2025, the court dismissed plaintiffs' suit with prejudice for failing to comply with Fed. R. Civ. P. 26. (ECF No. 41). Defendant now moves for attorney's fees totaling $24,932. (ECF No. 43 at 11).

**II.    Legal Standard**

Federal Rule of Civil Procedure 54(d) states: "A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). "Unless a state or a court order provides otherwise, the motion must: (i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to

the award: (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." Fed. R. Civ. P. 54(d)(2)(B)(i)–(iv).

"Rule 54(d)(2) creates a procedure but not a right to recover attorneys' fees." *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280 (9th Cir. 1999). "A federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees." *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000).

### III. Discussion

As a preliminary matter, pursuant to the parties' stipulation to extend briefing of the present motion (ECF No. 45), the court considers plaintiffs' response and defendant's reply as timely filed *nunc pro tunc*. *See* Fed. R. Civ. P. 6(b)(1)(B).

Defendant has complied with all of Rule 54's procedural requirements; the sole issue remaining is whether defendant is entitled to attorney's fees under Nevada Law.

#### A. Nevada Rule of Civil Procedure 68

Defendant argues that the court should award attorney's fees pursuant to Nevada Rule of Civil Procedure 68 which governs offers of judgment. Rule 68 states that if a party makes an offer of judgment and the other party fails to obtain a more favorable judgment, then the offering party may be entitled to recover reasonable attorney's fees. Nev. R. Civ. P 68(f)(1)(B).

The court must consider four factors when determining whether to award attorney's fees: "(1) whether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount." *Beattie v. Thomas*, 668 P.2d 268, 274 (1983).

##### 1. Whether plaintiffs' claim was brought in good faith

A common thread running through the court's analysis is that dismissal was based on a procedural deficiency. This is significant with respect to the first *Beattie* factor because it indicates that plaintiffs' suit was brought in good faith. As the court explained in its dismissal order,

"plaintiffs' are entitled to recover the money owed to them under the insurance policy." (ECF No 41 at 6).  Accordingly, the existence of a fatal procedural defect does not, by itself, demonstrate that plaintiffs acted in bad faith.  Nor will the court speculate that plaintiffs' failure to provide payment details for the death benefit suggest a lack of good faith, as defendant contends.  This factor therefore weighs against an award of attorney's fees.

*2. Whether defendant's offer was reasonable and in good faith*

Defendant offered plaintiff Nile $28,858.85 and the estate $32,000, which was reasonable given defendant's belief that plaintiffs were entitled to $3,858.85 and $7,000 respectfully.  (ECF No. 43, Ex. A, B).  The offers were made on August 19, 2024, after the close of discovery, which allowed plaintiffs to consider the offers in light of the evidentiary strength of their claims.  *See Beach v. Wal-Mart Stores, Inc.*, 958 F. Supp. 2d 1165, 1171 (D. Nev. 2013).  The court finds that defendant's offers to settle the claims were reasonable in both timing and amount.

*3. Whether plaintiffs' decision to reject was grossly unreasonable*

The court cannot meaningfully determine whether plaintiffs' decision to reject the settlement offers was grossly unreasonable because the merits of the case were never adjudicated.  The court agrees with defendant that plaintiffs' stated belief that they would prevail is insufficient to avoid the penalties associated with rejecting a settlement offer.  However, because the court's dismissal was procedural rather than merits based, plaintiffs may nevertheless have had a reasonable basis for continuing to litigate rather than accepting defendant's offer.  Accordingly, the court finds this factor to be neutral.

*4. Whether the fees are reasonable*

The court has discretion when determining the amount of attorney's fees that are to be awarded, if any. *See MRO Commc'ns, Inc.*, 197 F.3d at 1283; *N. Las Vegas Infrastructure Inv. & Constr., LLC v. City of N. Las Vegas*, 525 P.3d 836, 842 (2023).  Under Nevada law, the court's "analysis turns on the factors set forth in *Brunzell*." *O'Connell v. Wynn Las Vegas, LLC*, 429 P.3d 664, 668 (Nev. App. 2018).  *Brunzell* holds that courts must consider the following when determining a reasonable amount of attorney fees:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived.

*Brunzell v. Golden Gate Nat. Bank*, 455 P.2d 31, 33 (1969).

Defendant was represented by Clyde & Co US LLP, a large firm specializing in insurance law. (ECF No. 43 at 7). Defendant's counsel of record in this matter specialize in insurance coverage litigation, have been practicing for over a decade, and have clerked for the Supreme Court of Nevada. (*Id.*). The case was factually complicated and included the applicability of multiple insurance policies. Defendant's counsel worked for months to resolve the case before litigation ensued, and defendants continued their work once plaintiffs sued. This work necessarily took a significant amount of time and required the exercise of skill and attention. Finally, although defendant was technically successful, it was due to a procedural error on behalf of plaintiffs. Still, the court considers defense counsel to have achieved a favorable outcome for defendant. In sum, the court finds that under *Brunzell*, the fees are reasonable regarding the time billed leading up to this court's dismissal order.

Plaintiffs argue that defendant unreasonably billed 5.5 hours for attorney Sean E. Cortney to familiarize himself with the case in February 2025. Defendant contends this time was necessary because lead counsel Lee Gorlin had scheduled medical leave toward the end of the year and defendant needed to be prepared for trial in the event the court denied its motion for summary judgment. While the court acknowledges that circumstances outside the courtroom, such as medical leave, may require counsel to reallocate resources, this does not justify shifting those costs to plaintiffs. Cortney did not provide substantive assistance on the case until he began billing for the instant motion, discussed *infra*. Accordingly, the court reduces the fee award by $1,430, the amount sought for Cortney's 5.5 hours.

Plaintiffs further argue, and the court agrees, that defendant's fees related to the instant motion are unreasonable. In preparing and drafting the motion, three attorneys—including two partners—billed a total of 31.7 hours. The court finds this amount excessive and cannot discern

- 4 -

how a relatively simple and straightforward motion required such a substantial expenditure of time. Accordingly, the court reduces the fees associated with this motion from $9,272.50 to $2,500.

B. Conclusion

The court finds that on balance, defendant has satisfied the *Beattie* and *Brunzell* factors, entitling it to attorney's fees under Nevada law.[1]  Therefore, defendant is entitled to a total of $16,029.50.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for attorney fees (ECF No. 43) be, and the same hereby is, GRANTED.

DATED December 22, 2025.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The court also finds that defendant has satisfied Local Rule 54-14(3).